NATHAN M. JENKINS, ESQ. (560)
JENKINS LAW FIRM
1895 Plumas Street, Suite 2
Reno, NV 89509
Telephone: (775)-829-7800
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

TRUSTEES of the NORTHERN NEVADA LABORERS HEALTH & WELFARE TRUST FUND, CRAIG MADOLE, DAVE BACKMAN, CRAIG HOLT, MIKE KINNEY, ELOY JARA, RICHARD DALY; TRUSTEES of the LABORERS PENSION TRUST FUND FOR NORTHERN NEVADA, CRAIG MADOLE, DAVE BACKMAN, CRAIG HOLT, MIKE KINNEY, ELOY JARA, RICHARD DALY; TRUSTEES of the CONSTRUCTION WORKERS VACATION SAVINGS TRUST PLAN, CRAIG MADOLE, DAVE BACKMAN, CRAIG HOLT, MIKE KINNEY, ELOY JARA, RICHARD DALY; TRUSTEES of the LABORERS TRAINING TRUST FOR NORTHERN NEVADA, CRAIG MADOLE, DAVE ELIZONDO, FRED REEDER, MIKE KINNEY, ELOY JARA, RICHARD DALY;

Plaintiffs,

vs.

DYNAMIC NEVADA CONSTRUCTION LLC, a Nevada limited liability company; OLD REPUBLIC SURETY COMPANY, a Wisconsin corporation; and DOES 1-10,

Defendants.

Case No.

**COMPLAINT**

Plaintiffs, by and through their attorneys, JENKINS LAW FIRM, allege as follows against Defendants:

**JURISDICTION AND VENUE**

1. This is an action brought by the Trustees of the Northern Nevada Laborers Health & Welfare Trust Fund; the Trustees of the Laborers Pension Trust Fund for Northern Nevada; the

1

JENKINS LAW FIRM
ATTORNEYS AT LAW
1895 Plumas Street, Suite 2
Reno, Nevada 89509
(775) 829-7800  Fax (775) 829-0511

Trustees of the Construction Workers Vacation Savings Trust Plan; and the Trustees of the Laborers Training Trust for Northern Nevada (collectively, the "Trust Funds"), to enforce the terms of the Trust Funds and the provisions of Section 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1145. This action arises under ERISA Section 502(a)(3), 29 U.S.C. §1132(a)(3). ERISA Section 502(e)(1), 29 U.S.C. §1132(e)(1), confers jurisdiction on this Court.

2. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the unofficial Northern Division of this Court under 29 U.S.C. § 1132 (e)(2) because the Trust Funds are administered in Washoe County, in the District of Nevada, the breaches took place in Washoe County, in the District of Nevada, and the Defendants conduct business in Washoe County, in the District of Nevada.

## THE PARTIES

4. Plaintiffs are Trustees of the Trust Funds. The Trust Funds are "employee benefit plan[s]" within the meaning of Section 3(3) of ERISA, 29 U.S.C. §1002(3), and are "multiemployer plan[s]" within the meaning of Section 3(37) of ERISA, 29 U.S.C. §1002(37). Plaintiffs bring this action on behalf, and for the benefit, of the beneficiaries of the Trust Funds and in their respective capacities as trustees and Trust Fund fiduciaries.

5. Defendant Dynamic Nevada Construction LLC ("Dynamic") is, and at all times hereinafter mentioned was, a Nevada limited liability company conducting business in the District of Nevada.

6. Defendant Old Republic Surety Company is a Wisconsin corporation licensed to execute surety bonds under the provisions of the Nevada Insurance Code and is conducting business in the District of Nevada. Defendant Old Republic Surety Company issued license bond no. W150383827 to Dynamic.

7. The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants designated as Does 1 through 10 are presently unknown to Plaintiffs. Plaintiffs are informed and believe, and on that basis allege, that Defendants Does 1-

2

10 took some part in the acts and omissions complained of herein and, as a proximate result of such acts and omissions, incurred legal liability to Plaintiffs for the relief sought herein. Plaintiffs will request permission to amend this Complaint when the identity of Defendants Does 1-10 become known to them.

8. At all material times and during the acts alleged herein, the Defendants were acting as the agents of each and every other Defendant within the course and scope of their agency or employment, and all acts conducted and alleged herein were known to, authorized, and ratified by each and every Defendant, and/or liability therefore has been assumed by each and every Defendant.

## FIRST CAUSE OF ACTION
### (Payment of Unpaid Contributions under ERISA §§ 502 AND 515)

9. Plaintiffs reallege all previous allegations of this Complaint.

10. Defendant Dynamic, acting by and through its authorized agents or officers, agreed to be bound by the Laborers' Local 169 – Short Form Agreement (the "Laborers Short Form Agreement") as of November 9, 2020 with Laborers' International Union of North America - A.F.L. - C.I.O., Local # 169 (the "Laborers Union").

11. Defendant Dynamic, acting by and through its authorized agents or officers, agreed to be bound by the Master Agreement as of November 9, 2020, by and between Laborers' International Union of North America, Local Union No. 169, and Nevada Chapter of the Associated General Contractors of America, Inc. (the "Laborers Master Agreement"). The Laborers Short Form Agreement incorporates the terms of the Master Agreement.

12. The aforementioned Laborers Short Form Agreement and Laborers Master Agreement are collectively referred to herein as the "Contribution Agreements."

13. Defendants, by their conduct, are obligated to make contributions to the Trust Funds pursuant to the terms of the Contribution Agreements and in accordance with the terms and conditions of the Trust Agreements establishing the Trust Funds.

14. Defendants employ or have employed individuals performing work as laborers. Defendants are obligated by the Contribution Agreements to make certain fringe benefit

3

payments to the Trust Funds for every hour worked by individuals performing work as laborers, whether members of the Laborers Union or not.

15. Pursuant to the Contribution Agreements, Defendants agreed to make provisions in all subcontracts for all subcontractors to observe the terms of the Contribution Agreements, and Defendants agreed to be responsible for all actions of Defendants' subcontractors, including, without limitation, payment of fringe benefits to the Trust Funds.

16. Defendants agreed to be bound by the Contribution Agreements and to timely submit employer contribution reporting forms to Plaintiffs on a monthly basis. In addition, Defendants agreed to be bound by all the terms of the Trust Agreements establishing the Trust Funds. Defendants also agreed to permit Plaintiffs to inspect their books and records regarding any payment due the Trust Funds in order to determine the true and correct sum owed.

17. Plaintiffs have complied with all conditions to maintaining this action.

18. Defendants have failed to report and/or contribute for all hours worked by employees performing work as laborers, and Defendants are delinquent in making reports and/or contributions.

19. Demand for the delinquent amounts and reports has been made upon Defendants by the Trust Funds, but to date the contributions, interest, liquidated damages, and reports due and owing to the Trust Funds have not been paid or submitted.

20. As a result of Defendants' failure to meet its obligations under the terms of the Contribution Agreements and the Trust Agreements, Plaintiffs have been required to employ counsel in order to enforce such obligations. Plaintiffs have brought this action in faithful performance of the fiduciary duties imposed upon them under Section 404(a)(1) of ERISA, 29 U.S.C. §1104(a)(1). Plaintiffs have been, and are, incurring attorney's fees as a direct result of Defendants' failure to make contributions in accordance with the terms and conditions of the pertinent Contribution Agreements.

**SECOND CAUSE OF ACTION**
**(Failure to Timely File Accurate Monthly Reports under ERISA §§ 502 AND 515)**

21. Plaintiffs reallege all previous allegations of this Complaint.

22. Defendants agreed to submit to Plaintiffs accurate and timely employer contribution reporting forms detailing the number of hours worked by all employees performing work as laborers and the amount of contributions owed.

23. Defendants have failed to accurately and timely report contributions owed to the Trust Funds.

24. As a result of Defendants' refusal to comply with its obligations to submit accurate and timely employer contribution reporting forms to the Trust Funds, it has become impossible for Plaintiffs to determine the full extent of the delinquent contributions, interest and damages owed by Defendants.

25. As a result of Defendants' failure to meet its reporting obligations under the terms of the Contribution Agreements and the Trust Agreements, Plaintiffs have been required to employ counsel in order to enforce such obligations. Plaintiffs have brought this action in faithful performance of the fiduciary duties imposed upon them under Section 404(a)(1) of ERISA, 29 U.S.C. §1104(a)(1). Plaintiffs have been, and are, incurring attorney's fees as a direct result of Defendants' failure to submit accurate reports in accordance with the terms and conditions of the Contribution Agreements and the Trust Agreements.

### THIRD CAUSE OF ACTION
(To Compel an Audit and Timely Filing of Accurate Monthly Reports under ERISA §§ 502 AND 515)

26. Plaintiffs reallege all previous allegations of this Complaint.

27. Defendants' agreed to permit Plaintiffs to inspect its books and records regarding any payment due the Trust Funds in order to determine the true and correct sum owed.

28. As a result of Defendants' refusal to comply with its obligations to submit accurate and timely employer contribution reporting forms and contributions to the Trust Funds, it has become impossible, absent a complete audit, for Plaintiffs to determine the full extent of the delinquent contributions, interest and damages owed by Defendants.

29. The Trust Funds rely principally on employer self-reporting to determine the extent of an employer's liability. The Trust Funds police this self-reporting system by conducting audits of the records of participating employers.

30. Defendants' violations of the Contribution Agreements and the Trust Agreements, if allowed to continue, will result in irreparable harm for which Plaintiffs have no adequate remedy at law, in that: (a) the Trust Funds are unable to fully inform the participants employed by Defendants of their rights and status under the Trust Funds' plans of benefits, (b) the financial integrity of the Trust Funds and their plans of benefits is jeopardized if the Trust Funds are unable to police the self-reporting system by obtaining prompt and complete audit entry, (c) the financial integrity of the Trust Funds and their plans of benefits is jeopardized if the Trust Funds are unable to promptly determine the class of potential benefit claimants, and (d) the Trust Funds are irreparably harmed if they are unable to hold all contributing employers to the full and prompt fulfillment of their contribution obligations.

31. Accordingly, Defendants' conduct necessitates a preliminary and permanent injunction or other equitable relief compelling Defendants to promptly submit to an audit of their books and records, including but not limited to, Defendants' payroll and tax records and general ledgers, to determine the true and correct sum owed the Trust Funds, and to timely file accurate monthly reports

32. As a result of Defendants' failure to meet its obligations under the terms of the Contribution Agreements and the Trust Agreements, Plaintiffs have been required to employ counsel in order to enforce their right to conduct an audit and Defendants' obligation to file accurate monthly reports. Plaintiffs have brought this action in faithful performance of the fiduciary duties imposed upon them under Section 404(a)(1) of ERISA, 29 U.S.C. §1104(a)(1). Plaintiffs have been, and are, incurring attorney's fees as a direct result of Defendants' failure to make contributions in accordance with the terms and conditions of the pertinent Contribution Agreements.

**FOURTH CAUSE OF ACTION**
**(For Collection of Unpaid Fringe Benefit Contributions Pursuant to License Bond)**

33. Plaintiffs reallege all previous allegations of this Complaint.

34. The License Bond No. W150383827 executed and delivered to the Nevada State Contractors' Board on or about August 12, 2020 provides that Defendant Dynamic, as

6

"principal," and Defendant Old Republic Surety Company, as "surety (hereinafter 'Surety'), are held and firmly bound unto the State of Nevada, in the full and just sum of Ten Thousand and no / 100 Dollars ($10,000.00) for which payment well and truly to be made, the Principal and Surety bind themselves, their respective heirs, administrators, successors, and assigns, jointly and severally, firmly by these presents."

35. The License Bond also states that the License Bond "is made in favor of the State of Nevada for the benefit of any person having a valid claim who: . . . 2. As an employee of the contractor performed labor on or about the site of the construction covered by the contract; or . . . 4. Is injured by any unlawful act or omission of the contractor in the performance of a contract."

36. Pursuant to the License Bond, Defendants are liable for all delinquent fringe benefit contributions owed by Defendants, together with interest, liquidated damages, reasonable attorney's fees and costs, and audit costs resulting from delinquent contributions, as set forth in the Contribution Agreements and the Trust Agreements.

37. Defendants have breached the License Bond by failing to provide payment of delinquent fringe benefit contributions, and by failing to provide payment of all interest, liquidated damages, attorneys' fees, collection costs, and accountant costs required by the Contribution Agreements and the Trust Agreements with respect to delinquent fringe benefit contributions.

38. Demand for the delinquent amounts has been made upon Defendants by the Trust Funds, but to date the contributions, interest, liquidated damages, attorney's fees, and audit fees due and owing to the Trust Funds have not been paid.

39. As a result of Defendants' failure to meet their obligations pursuant to the License Bond, Plaintiffs have suffered, and are continuing to suffer, damages.

40. As a further result of Defendants' failure to meet their obligations pursuant to the License Bond, Plaintiffs have been required to employ counsel in order to enforce such obligations. Plaintiffs have brought this action in faithful performance of the fiduciary duties imposed upon them under Section 404(a)(1) of ERISA, 29 U.S.C. §1104(a)(1). Plaintiffs have

7

been, and are, incurring attorney's fees as a direct result of Defendants' failure to provide payment of fringe benefit contributions in accordance with the terms and conditions of the License Bond.

WHEREFORE, Plaintiffs demand judgment, including preliminary equitable relief, against Defendants as follows:

1. Compelling Defendants to submit to inspection of its books and records, including but not limited to, Defendants' payroll and tax records and general ledgers, to determine the true and correct sum owed the Trust Funds; and

2. For the total amount owed to Plaintiffs, which amount is constituted as follows:

   a. For the amount of the incomplete contributions due through the present (ERISA Section 502(g)(2 (A));

   b. For interest assessed on the delinquent contributions calculated from the date due through the present at the rate of twenty percent (20%) *per annum* (ERISA Section 502(g)(2)(B));

   c. For the greater of either the statutory interest assessed on the delinquent contributions at the rate of twenty percent (20%) *per annum* (ERISA Section 502(g)(2)(C)), or liquidated damages assessed on the delinquent contributions at the rate of twenty percent (20%) of the amount of the contribution or twenty dollars ($20.00) per delinquency, whichever is greater;

   d. For the cost of the audit (ERISA Section 502(g)(2)(D));

   e. For the costs of filing this action (ERISA Section 502(g)(2)(D)); and

   f. For all attorneys' fees and costs of this action (ERISA Section 502(g)(2)(D));

3. That Defendants be directed to comply with its obligations to timely report and to contribute to the Trust Funds, and to pay the costs and disbursements of this action (ERISA Section 502(g)(2)(D)); and

4. Such other legal or equitable relief as this Court deems appropriate, including

judgement for any contributions and/or interest thereon that may accrue subsequent to the filing of this complaint, as well as any resulting statutory penalties thereon under ERISA.

DATED this __2nd__ day of September, 2022.

JENKINS LAW FIRM
Attorneys for Plaintiffs

By: _____
NATHAN M. JENKINS
1895 Plumas Street, Suite 2
Reno, NV 89509